IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMEKA LACHELLE JONES, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.: 4:18-CV-02043 |
| § | |
| NANCY A. BERRYHILL, § | |
| COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM AND ORDER

Plaintiff Tameka Jones filed this case under 42 U.S.C. § 405(g) of the Social Security Act for review of the Commissioner's final decision denying her request for disability insurance benefits and supplemental security income under the Act. The Commissioner and Jones moved for summary judgment. (Dkt. 11, 12, 13). After considering the pleadings, the record, and the applicable law, the court **GRANTS** the Commissioner's motion, **DENIES** Jones' motion, and **AFFIRMS** the Commissioner's decision denying benefits.[1]

### I. BACKGROUND

**1. Factual and Administrative History**

Jones filed a claim for social security disability insurance and supplemental security income benefits on August 22, 2014 alleging a disability onset date of June 16, 2014 due to lupus, arthritis, locking ankle joints, and swelling, tingling, and numbness in her left leg and both of her feet. (Dkt. 6-4 at 15-16; Dkt. 6-6 at 2-7; Dkt. 6-7 at 14, 36, 52). Following the denial of her

---

[1] On September 25, 2018, the parties consented to proceed before a United States Magistrate judge for all purposes, including the entry of a final judgment under 28 U.S.C. §636 (c). (Dkt. 9).

application and subsequent request for reconsideration, Jones requested a hearing before an Administrative Law Judge (ALJ). A hearing took place on March 7, 2017. The ALJ issued a decision on April 7, 2017, finding that Jones was not disabled within the meaning of the Social Security Act. (Dkt. 6-3 at 14-35). The Appeals Council denied review on March 22, 2018 (Dkt. 6-3 at 2-7), and the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481.

## 2. Standard for District Court Review of the Commissioner's Decision

Section 405(g) of the Act governs the standard of review in social security disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999).

With respect to all decisions other than conclusions of law,[2] "[i]f the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence has also been defined as "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that

---

[2] Conclusions of law are reviewed *de novo*. <u>Western v. Harris, 633 F.2d 1204, 1206 (5th Cir. 1981)</u>.

of the Commissioner. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id.* The courts strive for judicial review that is "deferential without being so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).

The court weighs four types of evidence in the record when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir.1991); *Hamilton-Provost v. Colvin,* 605 F. App'x 233, 236 (5th Cir. 2015).

### 3. Disability Determination Standards

The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718. The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing 42 U.S.C. § 423(d)(1)(A)). A finding at any point in the five-step sequence that the claimant is disabled, or is not disabled, ends the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity." Work is "substantial" if it involves doing significant physical or mental activities, and "gainful" if it is the kind of work usually done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972; *Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014).

In the second step, the ALJ must determine whether the claimant has a severe impairment. Under applicable regulations, an impairment is severe if it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.20(c). Under Fifth Circuit binding precedent, "[a]n impairment can be considered as not severe *only if* it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000) (emphasis added) (quoting *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985)). "Re-stated, an impairment is severe if it is anything more than a "slight abnormality" that "would not be expected to interfere" with a claimant's ability to work. *Id.* This second step requires the claimant to make a *de minimis* showing. *See Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992); *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

If the claimant is found to have a severe impairment, the ALJ proceeds to the third step of the sequential analysis: whether the severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment meets one of the listings in Appendix 1, the claimant is disabled. If the ALJ finds that the claimant's symptoms do not meet any listed impairment, the sequential analysis continues to the fourth step.

In step four, the ALJ must decide whether the claimant can still perform her past relevant work by determining the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. 404.1545). The ALJ must base the RFC determination on the record as a whole and must consider

4

all of a claimant's impairments, including those that are not severe. *Id.*; 20 C.F.R. §§ 404.1520(e) and 404.1545; s*ee also Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990).

The claimant bears the burden to prove disability at steps one through four, meaning the claimant must prove she is not currently working and is no longer capable of performing her past relevant work. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). If the claimant meets her burden, the burden shifts to the Commissioner at step five to show that the "claimant is capable of engaging in some type of alternative work that exists in the national economy." *Id*. Thus, in order for the Commissioner to find in step five that the claimant is not disabled, the record must contain evidence demonstrating that other work exists in significant numbers in the national economy, and that the claimant can do that work given her RFC, age, education, and work experience. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1998).

### 4. The ALJ's Decision

The ALJ performed the standard 5-step sequential analysis. The ALJ found that Jones met the insured status of the Act through December 31, 2020; had not engaged in substantial gainful activity since her alleged onset date of June 16, 2014; and had the severe impairments of "depression, anxiety, systemic lupus, lower extremity neuropathy, inflammatory arthritis, mild degenerative disc disease of the lumbar spine, chronic pain, ankle pain, mild reactive airway disease, and obesity[.]" (Dkt. 6-3 at 19). The ALJ determined that none of her impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 20).

The ALJ further determined that Jones had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) "except she can never climb ladders, ropes or scaffolds[;] occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, and

5

balance[.]" (*Id*. at 22). The ALJ also determined that she should "avoid . . . all concentrated exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas[;] avoid all exposure to unprotected [h]eights and hazardous machinery[; and perform only] simple routine work." (*Id*.). Based on the testimony of a vocational expert, the ALJ found that with these restrictions Jones could not perform her past relevant work as a babysitter, certified nurse's assistant, grounds maintenance worker, or residential rehabilitation aide. (*Id*. at 28.). However, he determined that Plaintiff has the residual functional capacity to perform jobs that exist in significant numbers in the national economy, including order clerk, charge account clerk, and sorter. (*Id*. at 29-30). Ultimately, the ALJ concluded that Jones "has not been under a disability, as defined in the Social Security Act, from June 16, 2014, through the date of this decision." (*Id.* at 30).

## II. ANALYSIS

Jones asserts two points of error in her appeal to this court:

1. The ALJ's RFC does not include all of the mental limitations of record; and
2. The decision improperly rejects the opinions of the claimant's treating physician and the psychological consultative examiner.

(Dkt. 12 at 4-8). The court finds that Plaintiff's arguments lack merit and do not require remand.

### 1. The ALJ's RFC determination includes all limitations supported by the record.

A claimant's residual functional capacity is her "remaining ability to work despite all of her limitations resulting from her impairment[s]." *Jones v. Astrue*, No. H-09-0656, 2010 WL 1404124, at *10 (S.D. Tex. Mar. 31, 2010) (citing 20 C.F.R. § 404.1545). In evaluating the claimant's RFC, the ALJ must consider how the claimant's impairments affect her physical, mental, and other abilities, as well as the total limiting effects of her impairments. *Id.* The ALJ

6

has the sole responsibility for determining a claimant's RFC based on the record as a whole. *See Villa*, 895 F.2d at 1023-24; 20 C.F.R. § 404.1545(a)(3).

Plaintiff argues that the ALJ erred by failing to incorporate into the RFC assessment the state evaluating physicians' opinions that she had moderate restrictions in daily activities, maintaining social functioning, and maintaining concentration, persistence, or pace. (Dkt. 12 at 4). An ALJ is not required to discuss the individual findings underlying a state agency physician's mental functional capacity assessment. *Huber v. Astrue*, No. 4:07-CV-477-A, 2008 WL 4694753, at *7 (Oct. 22, 2008). Rather, "it is the narrative written by the psychiatrist or psychologist . . . that [ALJs] are to use [in] the assessment of RFC" to determine whether the claimant can meet the mental demands of past work or other work. Social Security Administration, Program Operations Manual System § DI 25020.010, *available at* https://secure.ssa.gov/poms.nsf/lnx/0425020010#a3a. Here, the ALJ expressly incorporated the narrative portion of the mental RFC assessment in his decision. (Dkt. 6-3 at 28). In fact, the ALJ limited Jones to simple work notwithstanding the state agency physicians' opinions that she can perform detailed, but non-complex work. (*See* Dkt. 6-4 at 10-11, 26-28; Dkt. 6-3 at 28). On this point, the ALJ did not err.

### 2. The ALJ did not err in considering the treating physician opinion.

A treating physician's opinion regarding the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Newton*, 209 F.3d at 455. Nonetheless, the treating physician's opinions are not conclusive. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). When good cause is shown, the ALJ is free to reject, assign less weight, little or even no weight, to the opinion of a treating physician:

> Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.

*Newton*, 209 F.3d at 456; *see also Greenspan*, 38 F.3d at 237.

In addition, the ALJ's decision must state reasons for declining to give a treating physician's opinions controlling weight. *Newton*, 209 F.3d at 455.

The ALJ considers the following factors when deciding whether good cause exists to discount the opinion of a treating physician: (1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *Id.* However, the ALJ need not recite or discuss each factor in an express, or formulaic fashion to conduct a thorough § 416.927(c) analysis. *Wiltz v. Comm'r of Soc. Sec. Admin.*, 412 F.Supp.2d 601, 608 (E.D. Tex. 2005) ("[T]he adjudicator [need only] 'consider' the factors. Neither the regulation nor interpretive case law requires that an ALJ specifically name, enumerate, and discuss each factor in outline or other rigid mechanical form."). Ultimately, conflicts among the various medical opinions of record are within the purview of the Commissioner – and not the courts – to resolve. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

**_Opinion on ultimate disability issue_.** On April 5, 2016, Dr. Nilda Colon-Rivera wrote a letter in which she concluded that Jones is "not fit for any physical work at this time and . . . has limitations for a sedentary job [due to] cognitive dysfunction" caused by her depression and pain medication. (Dkt. 6-13 at 21). The ALJ afforded "little weight" to these opinions because findings of disability are reserved for the Commissioner. (Dkt. 6-3 at 27). Jones' argument that the ALJ

8

erred in failing to give controlling weight to Colon-Rivera's opinion that she is unable to work is without merit. The legal standards described above apply only to medical opinions from treating physicians. *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). A physician's statement that a claimant is not able to work, is disabled, or has a particular RFC is not entitled to any special significance, because it is not a medical opinion. *Id.* at 620 (citing 20 C.F.R. § 404.1527(e)(1)). The ALJ correctly held that whether a claimant is capable of work is a legal conclusion that is reserved to the Commissioner.

*Opinion on functional limitations*. The ALJ did not reject Colon-Rivera's opinions solely on the ground that they regard issues reserved to the Commission. In assigning "little weight" to Colon-Rivera's opinion regarding Jones' functional limitations, the ALJ also found that the opinion "does not fit with the claimant's normal physical and mental examinations." (Dkt. 6-3 at 27). However, the ALJ did not cite specific treatment notes and medical records in connection with this finding. In addition, the ALJ opinion makes no mention of Colon-Rivera's specialty or the length, nature, and frequency of her treatment relationship with Jones. (*See* Dkt. 6-3 at 27). The court concludes that the ALJ erred in failing to engage in the detailed analysis required by *Newton* before deciding to give no weight to Colon-Rivera's opinion in making his RFC determination. *See Newton*, 209 F.3d at 455 (requiring an ALJ to perform six-factor analysis to determine whether there is good cause to discount the opinion of a treating physician).

*Harmless error*. Nevertheless, Jones' claim cannot succeed unless she shows that she was prejudiced by the ALJ's error. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981). In social security cases, a claimant establishes prejudice by showing that, absent the error, the ALJ might have reached a different conclusion. *See Newton*, 209 F.3d at 453; *Ripley*, 67 F. 3d at 557 n.22.

9

Here, the record shows that had the ALJ gone through the detailed evaluation set forth in *Newton*, he would have reached the same conclusion. Jones met with Colon-Rivera only three times in a brief four-month period. (Dkt. 6-8 at 33-36; Dkt. 6-12 at 2-38). These visits do not provide the "longitudinal and detailed perspective" of Jones' impairment sufficient to justify the assignment of controlling weight to Colon-Rivera's opinion. *See McCoy v. Astrue*, 4:09-CV-517-A, 2010 WL 5812954, at *5 (N.D. Tex. Dec. 16, 2010) (ALJ did not err in failing to assign controlling weight to opinion of physician who examined claimant twice in a three-month period); *Thomas v. Colvin*, No. 15-705-JJB-EWD, 2017 WL 1193742, at *10 (M.D. La. Feb. 24, 2017) (two treatment records dated three months apart did not establish longitudinal pattern of care requiring ALJ to afford physician's opinion significant weight).

Moreover, Colon-Rivera's opinions are not supported by the medical evidence of record and are inconsistent with the record as a whole. While Colon-Rivera asserts that Jones "has limitations for a sedentary job [due to] cognitive dysfunction" caused by her depression and pain medication, (Dkt. 6-12 at 21), the medical records show that her symptoms are controlled with medication. (Dkt. 6-8 at 61 [body pain and neurological symptoms improved after a week on medication]; Dkt. 6-3 at 25 and Dkt. 6-12 at 100 [symptoms of depression and anxiety managed with medication]). The ALJ noted that in October 2015 and November 2016, Plaintiff reported that Lyrica had improved her neuropathic pain. (Dkt. 6-3 at 25, 26; Dkt. 6-16 at 49; Dkt. 6-18 at 45). Although Plaintiff complained that her depressive symptoms have a positive correlation with her pain, she admitted that her symptoms had improved with treatment. (Dkt. 6-16 at 49). In fact, the ALJ noted that, in January 2017, Jones reported no complaints of edema. (Dkt. 6-3 at 26). The record also shows that Jones did not report any pain or psychiatric symptoms at that visit. (Dkt.

6-18 at 2-3). As a rule, conditions that can be controlled by medication are not considered to be "disabling." *Masterson*, 309 F.3d at 272.

The ALJ concluded that the disability opinion offered by Colon-Rivera was not consistent with the weight of the evidence and appropriately afforded little weight to the opinion. (Dkt. 6-3 at 27). Indeed, the ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Based on a review of the record as a whole, and the *Newton* factors, under these circumstances, Jones has not shown prejudice resulting from the ALJ's failure to expressly enumerate all relevant factors in conducting his § 416.927(c) analysis of the weight to accord Colon-Rivera opinion.

### 3. The ALJ did not err in considering the consulting physician opinion.

Pauline Clancy, Ed.D., performed a psychological consultative examination of Jones on December 11, 2014. (Dkt. 6-12 at 96-101). The ALJ summarized Clancy's findings and assessed the weight he gave her opinion as follows:

> Pauline A. Clancy, licensed psychologist, opined the claimant's prognosis was fair. She stated that the claimant had chronic depressive and anxiety symptoms that were being managed with medication. Dr. Clancy noted that the claimant's primary focus during the evaluation was to obtain financial assistance to Social Security. She opined that the claimant would have difficulty obtaining and maintaining employment if the claimant was unable to manage her physical symptoms. (12F at 5)[.] I find the opinion of Dr. Clancy somewhat consistent with the medical records. I note that Dr. Clancy is a licensed psychologist [and] her opinion as [to] the claimant's physical symptoms is not within her area of expertise. Therefore, little weight is afforded to this opinion.

(Dkt. 6-3 at 28). Jones argues that the ALJ erred in giving Clancy's opinion little weight. Specifically, she argues that Clancy did not diagnose her physical condition, but opined that her physical symptoms are poorly controlled and contribute to her significant psychological dysfunction. (Dkt. 12 at 8). She maintains that the ALJ's discount of Clancy's opinion as outside her expertise was error.

11

It is well-established that the ALJ is entitled to determine the credibility of examining physicians and other medical experts and to weigh their opinions. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). "In evaluating the opinion of a non-treating physician, an ALJ is free to incorporate only those limitations that he finds 'consistent with the weight of the evidence as a whole.'" *Thompson v. Colvin*, No. 4:16-CV-00553, 2017 WL 1278673, at *12 (S.D. Tex. Feb. 14, 2017) (citing *Andrews v. Astrue*, 917 F.Supp.2d 624, 642 (N.D. Tex. 2013)).

Because Clancy is a non-treating medical source, the ALJ was not obligated to give Clancy's opinion any particular weight or to expressly set forth in detail the reasons for his decision. The six-factor analysis set out in 20 C.F.R. 404.1527(c)(2) applies only to consideration of a treating source opinion. After evaluating the evidence of record, the ALJ appropriately found that Jones' impairments, although severe, do not preclude her from performing a range of sedentary work. (Dkt. 6-3 at 22). Having found Clancy's opinion inconsistent with the medical records, as a whole, the ALJ did not err in giving the opinion little weight.

### III. CONCLUSION

For the reasons discussed above, the court **GRANTS** the Commissioner's motion, **DENIES** Jones' motion, and **AFFIRMS** the final decision of the Commissioner.

**SIGNED** at Houston, Texas, this 20th day of May, 2019.

**CHRISTINA A. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**